LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Southern California Lawyers Group, PC
Eric C. Morris (Bar No. 243425)
emorris@lawsclg.com
5861 Pine Avenue, Suite A1
Chino Hills, CA 91709
Telephone:  (909) 466-4400
Facsimile:   (909) 839-5004

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA HERRERA; and RUBEN ORDAZ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; ALEJANDRO DOWNEY; and DOES 2-10, inclusive,<br><br>        Defendants. | Case No. CV 16-02719 DSF (SKx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Battery (Wrongful Death)<br>6. Negligence (Wrongful Death)<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff GRACIELA HERRERA and RUBEN ORDAZ ("PLAINTIFFS") for their complaint against Defendants CITY OF LOS ANGELES, ALEJANDRO DOWNEY and Does 2-10, inclusive, allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Ruben Herrera.

## PARTIES

2.     At all relevant times, Ruben Herrera ("DECEDENT") was an individual residing in County of Los Angeles, California.

3.     Plaintiff GRACIELA HERRERA is an individual residing in County of Los Angeles, California, and is the natural mother to DECEDENT.  GRACIELA HERRERA sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as successor-in-interest to DECEDENT.  GRACIELA HERRERA seeks both survival and wrongful death damages under federal and state law.

4.     Plaintiff RUBEN ORDAZ is an individual residing in County of Sacramento, California, and is the natural father to DECEDENT.  RUBEN ORDAZ sues both in his individual capacity as the father of DECEDENT and in a representative capacity as successor-in-interest to DECEDENT.  RUBEN ORDAZ seeks both survival and wrongful death damages under federal and state law.

5.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of

the State of California.  At all relevant times, CITY was the employer of Defendants ALEJANDRO DOWNEY and DOES 2-4, who were CITY Police officers, DOES 5-6, who were CITY police officers supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, ALEJANDRO DOWNEY and DOES 2-10 were residents of County of Los Angeles, California.  ALEJANDRO DOWNEY and DOES 2-10 are sued in their individual capacity for damages only.

6.     At all relevant times, Defendants ALEJANDRO DOWNEY and DOES 2-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

7.     At all relevant times, Defendants ALEJANDRO DOWNEY and DOES 2-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ALEJANDRO DOWNEY and DOES 2-10 were acting on the implied and actual permission and consent of CITY.

9.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

10.     The true names of defendants DOES 2 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

Case No. CV 16-02719 DSF (SKx)
FIRST AMENDED COMPLAINT FOR DAMAGES

1       11.    On February 26, 2016, Plaintiffs filed comprehensive and timely claims

2 for damages with CITY pursuant to applicable sections of the California

3 Government Code.

4       12.    On March 15, 2016, CITY rejected Plaintiffs' claims for damages.

5                 **JURISDICTION AND VENUE**

6       13.    This civil action is brought for the redress of alleged deprivations of

7 constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

8 Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction

9 is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

10       14.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because

11 Defendants reside in, and all incidents, events, and occurrences giving rise to this

12 action occurred in, the County of Los Angeles, California.

13

14         **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15       15.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

16 through 14 of this Complaint with the same force and effect as if fully set forth

17 herein.

18       16.    On or about December 19, 2015, DECEDENT was on his property in

19 front of his home near the 1600 block of West 206th Street, in the City of Torrance,

20 California.

21       17.    While on his property and in front of his apartment, officers from the

22 Los Angeles Police Department ("LAPD"), made contact with DECEDENT

23 regarding a call for service they received about some people throwing bottles.

24 DECEDENT had not been involved in throwing any bottles and the involved

25 officers had no information that DECEDENT was in fact involved in the throwing

26 any bottles.

27

28

18.     After initially making contact with the DECEDENT, the involved officers used excessive force against DECEDENT, including punching him and slamming him to the ground.

19.     While the involved offices were taking DECEDENT into custody, GRACIELA HERRERA exited from inside her apartment and informed the involved officers that DECEDENT suffered from mental illness.

20.     As a result of the encounter with DECEDENT and the involved LAPD officers, paramedics were summoned to the scene to treat DECEDENT.  After receiving treatment, DECEDENT was transported by ambulance to Harbor-UCLA Medical Center in Torrance, California.

21.     Prior to DECEDENT being transported from is home to Harbor-UCLA Medical Center, the involved officers were on notice that DECEDENT suffered from a pre-existing mental condition, specifically bipolar.

22.     After being transported to Harbor-UCLA Medical Center, DECEDENT was fatally shot by ALEJANDRO DOWNEY of the LAPD while DECEDENT was still inside of the hospital.

23.     At the time of the shooting DECEDENT did not pose an immediate threat of death and serious bodily injury, to ALEJANDRO DOWNEY or anyone else and there were less than lethal options available to ALEJANDRO DOWNEY and the involved officers.  Further, DECEDENT did not cause serious bodily injury to ALEJANDRO DOWNEY, or anyone else, prior to the shooting.

24.     As a result of the foregoing, DECEDENT suffered intense physical and emotional pain, anguish, distress and despair, and death, including the loss of enjoyment of his life.

25.     On information and belief, Defendants had no information that DECEDENT had committed a felony.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendant ALEJANDRO DOWNEY)

26.     PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.     Defendant ALEJANDRO DOWNEY caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

29.     The conduct of ALEJANDRO DOWNEY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant ALEJANDRO DOWNEY.

30.     PLAINTIFFS seek damages as successor-in-interest to DECEDENT.

31.     PLAINTIFFS also seek attorney fees under this claim.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendant ALEJANDRO DOWNEY)

32.     PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     ALEJANDRO DOWNEY's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches

and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     The unreasonable use of force by Defendant ALEJANDRO DOWNEY deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  PLAINTIFFS are also claiming funeral and burial expenses and a loss of financial support.

36.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was not an immediate threat of death and serious bodily injury to ALEJANDRO DOWNEY or anyone else at the time of the shooting.  Further, DECEDENT did not cause serious bodily injury to ALEJANDRO DOWNEY or anyone else prior to being fatally shot.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

37.     The conduct of ALEJANDRO DOWNEY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant ALEJANDRO DOWNEY.

38.     PLAINTIFFS bring this claim as successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

39.     PLAINTIFFS also seek attorney fees under this claim.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendant ALEJANDRO DOWNEY)

40.     PLAINTIFFS repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

41.      PLAINTIFF had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

42.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

43.     As a result of the excessive force by DOE 1, and failure of DOE 2 to intervene, DECEDENT died.  PLAINTIFF was thereby deprived of her constitutional right of familial relationship with DECEDENT.

44.     Does 1-2, acting under color of state law, thus violated the Fourteenth Amendment rights of PLAINTIFF to be free from unwarranted interference with their familial relationship with DECEDENT.

45.     The aforementioned actions of DOES 1-2, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

46.     Defendants DOES 1-2, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and PLAINTIFF.

47.     As a direct and proximate cause of the acts of DOES 1-2, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. PLAINTIFF suffered extreme and severe mental anguish and pain and have been injured in mind and body.  PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

48.     As a result of the conduct of Does 1-2, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

49.     The conduct of DOES 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-2.

50.     PLAINTIFF brings this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both PLAINTIFF's and DECEDENT's rights.

51.     PLAINTIFF also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 5-10 and CITY)

52.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

53.    On information and belief Defendant DOES 1-2's shooting of DECEDENT, who was shot at the hospital after he just finished being treated there, who had not caused serious bodily injury to anyone prior to being fatally shot and who was not an immediate threat of death or serious bodily injure at the time of the shooting, was found to be within CITY Police Department policy.

54.    On information and belief Defendant DOES 1-2's shooting of DECEDENT, who was shot at the hospital after he just finished being treated there, who had not caused serious bodily injury to anyone prior to being fatally shot and who was not an immediate threat of death or serious bodily injure at the time of the shooting, was ratified by CITY Police Department supervisorial officers.

55.    On information and belief Defendant Does 1-2 were not disciplined for fatally shooting DECEDENT, who was shot at the hospital after he just finished being treated there, who had not caused serious bodily injury to anyone prior to being fatally shot and who was not an immediate threat of death or serious bodily injure at the time of the shooting.

56.    In 2015 alone, there were 21 officer-involved shootings involving the LAPD.  On information and belief, the majority of, if not all of the 21 fatal officer-involved shootings which occurred in 2015, were found to be within CITY Police Department policy, were ratified by CITY Police Department supervisorial officers and the involved officers were not disciplined.

57.    On and for some time prior to December 19, 2015 (and continuing to the present date) Defendants DOES 5-10, deprived PLAINTIFF and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation

and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

     (a)    Employing and retaining as police officers and other personnel, including DOES 1-2, who Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force;

     (b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including DOES 1-2, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

     (c)    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant DOES 1-2, who are Police Officers of CITY;

     (d)    By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive force;

     (e)    By ratifying the intentional misconduct of Defendant DOES 1-2, who are Police Officers of CITY;

     (f)    By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies,

1   customs, and practices of DOES 5-10, were done with a
2   deliberate indifference to individuals' safety and rights;

3      (g)   By failing to properly investigate claims of unlawful detention
4   and excessive force by CITY Police Officers; and

5      (f)   Of totally inadequate training with respect to dealing with
6   individuals with mental illness.

7   58.   By reason of the aforementioned policies and practices of Defendants
8   DOES 5-10, DECEDENT was severely injured and subjected to pain and suffering
9   and lost his life.

10   59.   Defendants DOES 5-10, together with various other officials, whether
11   named or unnamed, had either actual or constructive knowledge of the deficient
12   policies, practices and customs alleged in the paragraphs above.  Despite having
13   knowledge as stated above these defendants condoned, tolerated and through actions
14   and inactions thereby ratified such policies.  Said defendants also acted with
15   deliberate indifference to the foreseeable effects and consequences of these policies
16   with respect to the constitutional rights of DECEDENT, PLAINTIFF, and other
17   individuals similarly situated.

18   60.   By perpetrating, sanctioning, tolerating and ratifying the outrageous
19   conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional,
20   reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and
21   PLAINTIFF's constitutional rights.  Defendants DOES 5-10, each of their actions
22   were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and
23   unconscionable to any person of normal sensibilities.

24   61.   Furthermore, the policies, practices, and customs implemented and
25   maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked
26   to and were a significantly influential force behind the injuries of DECEDENT and
27   PLAINTIFF.

28

Case No. CV 16-02719 DSF (SKx)
FIRST AMENDED COMPLAINT FOR DAMAGES

62.     By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

63.     By reason of the aforementioned acts and omissions of Defendants DOES 5-10, PLAINTIFF has suffered loss of love, companionship, affection, comfort, care, society, and future support.

64.     Accordingly, Defendants DOES 5-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

65.     Plaintiffs seek wrongful death and survival damages under this claim.

66.     Plaintiffs also seek attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(Against Defendant DOES 1-4 and CITY)

67.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

68.     DOES 1-2, while working as a Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT.  As a result of the actions of DOES 1-2, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  DOES 1-2 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT had just finished being treated at the hospital where he was shot at, DECEDENT had not inflicted serious bodily injury on anyone, including the involved officers, and DECEDENT was not an immediate threat of death or serious bodily injury at the time of the shooting.

69.     As a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body.  PLAINTIFF also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  PLAINTIFF is claiming funeral and burial expenses and a loss of financial support.

70.     CITY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71.     The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and DECEDENT, entitling PLAINTIFF, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

72.     PLAINTIFF brings this claim as a successor-in-interest to DECEDENT, and seek wrongful death damages.

73.     PLAINTIFF is seeking wrongful death damages under this claim.


**SIXTH CLAIM FOR RELIEF**
**Negligence (Cal. Govt. Code § 820 and California Common Law)**
(Wrongful Death)
(Against All Defendants)

74.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

75.     The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent tactics and handling of the situation involving an individual who is known to be suffering from a pre-existing mental condition such as DECEDENT;

(d) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-2

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(g) the negligent handling of evidence and witnesses.

76. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body. PLAINTIFF also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

77. CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78.     PLAINTIFF brings this claim as a successor-in-interest to DECEDENT, and seeks wrongful death damages.

79.     PLAINTIFF is seeking wrongful death damages under this claim.

### SEVENTH CLAIM FOR RELIEF
**Violation of Bane Act (Cal. Civil Code § 52.1)**
(Against All Defendants)

80.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

81.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

82.     Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

83.     Defendant DOES 1-2 use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had just been treated at the hospital where he was shot, DECEDENT did not inflict serious bodily injury on anyone prior to being shot and DECEDENT was not a threat of death or serious bodily injury at the time of the shooting.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

84.     DOES 1-2, while working as Police Officers for the CITY police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

85. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 1-2 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

86. On information and belief Defendant DOES 1-2 injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

87. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

88. The conduct of DOES 1-2 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and PLAINTIFF.

89. CITY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling PLAINTIFF to an award of exemplary and punitive damages.

91. PLAINTIFF brings this claim as successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

92. The PLAINTIFF also seeks attorney fees under this claim.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants City of Los Angeles, and Does 1-10, inclusive, as follows:

A.   For compensatory damages in excess of $5,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  November 28, 2016          LAW OFFICES OF DALE K. GALIPO


By_____/s/ Eric Valenzuela_____
Dale K. Galipo
Eric Valenzuela
*Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  November 28, 2016          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Eric Valenzuela_____
Dale K. Galipo
Eric Valenzuela
*Attorneys for Plaintiffs*