**MICHAEL N. FEUER**, City Attorney - SBN 111529
**THOMAS H. PETERS**, Chief Assistant City Attorney - SBN 163388
**CORY M. BRENTE**, Assistant City Attorney - SBN 115453
**COLLEEN R. SMITH**, Deputy City Attorney - SBN 209719
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-8722  Fax No.: (213) 978-8785
Email: colleen.smith@lacity.org

*Attorneys for Defendants* **CITY OF LOS ANGELES and ALEJANDRO DOWNEY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA HERRERA; and RUBEN ORDAZ,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES; ALEJANDRO DOWNEY; and DOES 1-10, inclusive,<br>　　　　　Defendants. | **CASE NO. CV16-02719 DSF (SKx)**<br>Honorable Judge: Dale S. Fischer<br>Honorable Magistrate Judge: Steve Kim<br><br>**DEFENDANTS' SPECIAL VERDICT FORM**<br><br>PRE-TRIAL<br>CONF. DATE: SEPTEMBER 11, 2017<br>CTRM: 7D, 7TH FLOOR<br>TIME: 3:00 P.M<br><br>TRIAL<br>DATE: OCTOBER 3, 2017<br>CTRM: 7D, 7TH FLOOR<br>TIME: 8:30 A.M |

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

/ / /

/ / /

1

Pursuant to the U.S.D.C. Local Rules, Rule 16-4, this Court's Standing Order re Civil Trial and the Court's Order dated August 30, 2017, Defendants **CITY OF LOS ANGELES and ALEJANDRO DOWNEY** hereby submit their proposed Special Verdict Form.

Defendants have not included any questions concerning Plaintiffs' state law claims. Should the Court permit Plaintiffs to submit those claims to the jury, Defendants request permission to submit a revised special verdict form.

Dated: September 5, 2017

**LAW OFFICES OF DALE K. GALIPO**

By: _____/s/ Eric Valenzuela_____
**DALE K. GALIPO**
**ERIC VALENZUELA**
Attorneys for Plaintiffs **GRACIELA HERRERA and RUBEN ORDAZ**

Dated: September 5, 2017

**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: _____/s/ Colleen R. Smith_____
**COLLEEN R. SMITH,** Deputy City Attorney
*Attorneys for Defendants* **CITY OF LOS ANGELES and ALEJANDRO DOWNEY**

WE, THE JURY in the above-entitled action, unanimously find as follows on the questions submitted to us:

QUESTION NO. 1: Have Plaintiffs proved by a preponderance of the evidence that Defendant Alejandro Downey used unreasonable force against Ruben Herrera in violation of his Fourth Amendment constitutional rights?

          YES _____   NO _____

*If you answered "No", please proceed to Question No. 5.*
*If you answered "Yes", please proceed to Question 2.*

QUESTION NO. 2: If you answered "Yes" to Question No. 1, was the use of unreasonable force a cause of Ruben Herrera's death?

          YES _____   NO _____

*If you answered "No", please proceed to Question No. 5.*
*If you answered "Yes", please proceed to Question 3.*

QUESTION NO. 3: Have any of the following Plaintiffs proved by a preponderance of the evidence that Defendant Alejandro Downey violated any of the following Plaintiffs' Fourteenth Amendment Constitutional Rights to a familial association with Ruben Herrera by using unreasonable force to detain him and with an unlawful purpose to harm him?

  Answer (check "Yes" or "No") following the name of each Plaintiff for whom you answer "Yes" in response to this Question:

    Graciela Herrera      YES _____ NO _____
    Ruben Ordaz       YES _____ NO _____

*If you answered "No" as to each Plaintiff, skip to Question No. 5.*

*If you answered "Yes" as to any Plaintiff, proceed to Question No. 4.*

QUESTION NO. 4: For each "Yes" response to Question No. 3, do you find that Plaintiffs have proved that Defendant Alejandro Downey's conduct was the cause of injury to that Plaintiff?

*Answer (check "Yes" or "No") following the name of only that Plaintiff for whom you answered "Yes" in response to Question 3:*

    Graciela Herrera        YES _____    NO _____

    Ruben Ordaz         YES _____    NO _____

*Please proceed to Question No. 5.*

QUESTION 5: If you answered "Yes" to Question 2, please answer the following question. If you answered "No" to Question 2, please proceed to Question 6. What are Ruben Herrera's damages for his pain and suffering? $_____

*Please proceed to Question 6.*

QUESTION NO. 6: If you answered "Yes" to Question 4, answer the following question. If you answered "No" to Question 4, please proceed to Question 7. What are the total amount of Plaintiff Graciela Herrera's damages for the interference with her familial relationship with her son under the Fourteenth Amendment?

    Total:    $ _____

*Please proceed to the Question 7.*

QUESTION NO. 7: *If you answered "Yes" to Question 4, answer the following question. If you answered "No" to Question 4, please proceed to Question 8.* What are the total amount of Plaintiff Ruben Ordaz's damages for the interference with his familial relationship with his son under the Fourteenth Amendment?

    Total:    $ _____

*Please proceed to the Question 8.*

QUESTION NO. 8: *If you answered "Yes" to Question 2 and/or 4, please answer the following question. If you answered "No" to Question 2 and 4, please sign and date this verdict form and return it to the Court.* Have Plaintiffs proved by a preponderance of the evidence that the conduct of Defendant Alejandro Downey was malicious, oppressive or in reckless disregard of Ruben Herrera's federal constitutional rights?

    YES _____        NO _____

*Please sign and date this verdict form and return it to the Court.*

Dated: _____           Signed: _____
                                                                               Jury Foreperson

**PLAINTIFFS' OBJECTION:**

With regard to the Fourteenth Amendment Claim, this does not allow for the jury to first determine if deliberation was possible.  Under the law, depending on whether deliberation was possible or not, purpose to harm may not be the applicable standard.  Further, since it is undisputed that Decedent died from his gunshot wounds, the language as to causation is confusing.  Further, the wrongful damages that Plaintiffs are entitled to under the Fourteenth Amendment include both past and future loss of love, comfort society, etc..., and Defendants verdict form does not reflect this.  Finally, Plaintiffs request that this Court exercise supplemental jurisdiction over the state law claims.

**DEFENDANTS' REPLY:**

Defendants' proposed verdict form reflects the claims in light of the evidence that will be presented.  Defendants contend that Officer Downey did not have time to deliberate and that unlawful purpose to harm is the correct standard.

With respect to damages, federal law does not require that damages be separated.  This claim is not subject to apportionment, thus there does not need to be more than one blank for damages for each question.  Defendants presume that the jury will follow the Court's instructions and make the appropriate decision on damages, if any.

# **ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that Eric Valenzuela, counsel for Plaintiffs Graciela Herrera and Ruben Ordaz, concurs in the content of this filing and has authorized this filing.

Dated: September 5, 2017         **MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By: _____*/s/ Colleen R. Smith*_____
    **COLLEEN R. SMITH,** Deputy City Attorney
    *Attorneys for Defendants* **CITY OF LOS ANGELES and ALEJANDRO DOWNEY**